

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-07-426-CR

DONALD SHIRLEY                                                         APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Donald Shirley appeals from the revocation of his deferred adjudication community supervision. Appellant pleaded guilty to possession of less than one gram of cocaine in October 1999 in accordance with a plea bargain, and the trial court placed him on four years' deferred adjudication community supervision. The State filed a petition to proceed to adjudication in

---

[1] *See* TEX. R. APP. P. 47.4.

October 2001, asserting that Appellant had failed to report to the community supervision office for the prior fifteen months. Six years later, on November 9, 2007, the trial court conducted a hearing on the petition, found that Appellant had violated the terms of community supervision, and sentenced him to 180 days in jail.

In his second point, Appellant argues that he established a prima facie defense of lack of due diligence and that the State failed to rebut the defense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24 (Vernon Supp. 2007) (providing an affirmative defense to revocation of community supervision for failure to report when an officer with the power of arrest under a warrant issued for the alleged violation fails to contact or attempt to contact the defendant in person at the defendant's last known address or place of employment). The State has filed a letter brief conceding that Appellant's second point is meritorious and joining Appellant's prayer to reverse his conviction and sentence and remand the case to the trial court.

We therefore sustain Appellant's second point and, without considering his first point,[2] reverse the trial court's judgment and remand the case for further proceedings.  *See* TEX. R. APP. P. 43.2(d), 47.1.

PER CURIAM

PANEL F:   GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  April 10, 2008

---

[2] In his first point, Appellant argues that the trial court erred by overruling his hearsay and Confrontation Clause objections to the testimony of a community supervision officer after the officer testified that his knowledge of Appellant's failure to report derived solely from the community supervision records.